OPINION
Plaintiff-appellant the State of Ohio appeals from an order suppressing statements made by defendant-appellee Matthew Laster during the course of a cell phone conversation, which were overheard by a police officer. The State contends that the trial court's decision is not supported by the record, and that there was no basis for the suppression order.
We conclude that there is no evidence in the record from which it could be found that Laster's remarks were overheard as a result of a search or seizure. Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
 I
On January 10, 1999, defendant-appellee, Matthew Laster was issued citations for Driving Under An FRA Suspension in violation of R.C. 4507.02(B) and Use of Unauthorized Plates in violation of R.C. 4549.08. Laster made an oral motion to suppress evidence.
No hearing was held on the motion to suppress. Instead, the parties stipulated that the evidence to be considered in deciding the motion consisted of the "Phillipsburg Police Department Investigative Report." That report is as follows:
 On 01/10/99, I was patrolling the Village of Phillipsburg. I was exiting Baker Ln., when I noticed a suspicoious vehicle pulled up next to the building across the street. I also noticed a black male flagging me down. I pulled across the street to KC Market and made contact with the defendant. Mr. Laster stated that his car had broke [sic] down and he was pulled up next to building [sic] to recharge his battery. Mr. Laster was carrying an electrical battery charger with him in the car. I checked the license plate through L.E.A.D.S and it returned to a 88 Chevy. I pulled up next to the car and asked Mr. Laster why the plates came back to a different vehicle. He was driving a 1985 Buick Regal. Mr. Laster replied that he bought the car from a friend and was told he could use the tags until they expired. Mr. Laster was then asked if I could see his drivers license? Mr. Laster checked his wallet and could only produce a State I.D. I checked Mr. Laster through L.E.A.D.S by his SSN and it came back as no driving privileges indefinitely, license expired. It also stated that Mr. Laster was under an FRA suspension from 04/10/98 until 04/10/2003. Mr. Laster was issued two citations and his vehicle was towed.
 I ran the plates on the car and they came back to a Ricky E. Huddleston at 26 Ridge Ave. Dayton, OH 45405. I tried to make contact, but no phone number was avialiable [sic]. I ran the VIN plate in the compute and it came back to a Ned Carson at 624 Leland Ave., Dayton, OH 45417. I tried to make contact, but no phone number availiable [sic]. Mr. Laster tried to tell me that he was not driving the vehicle [sic], but I heard Mr. Laster talking to his girlfriend on the cell phone explaining to her that the lights got dim while he was driving so he stopped at the beer and wine carry to recharge his battery.
 Mr. Laster state that bought [sic] the car from Ricky Huddleston and Ricky bought the car from Ned Carson. Mr. Laster could not produce a title or bill of sale at the time of arrest. Mr. Laster cooperated completely throughout the whole incident and was read the BMV Form 2255 and signed the form after it was read to him. Mr. Laster also signed both citations issued and was explained the citations completely. Mr. Laster was advised that he was to appear at District 1 Court on Wednesday, January 13th, 1999 at 5:00 pm.
The trial court entered an order suppressing the statements made by Laster during the course of the cell phone conversation, on the basis of its review of the stipulated evidence. The order did not set forth any facts or conclusions of law. From this order the State appeals.
 II
The State's sole Assignment of Error states as follows:
 THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION TO SUPPRESS.
The State contends that the trial court erred by sustaining the motion to suppress. In support, it argues that the officer did not stop Laster, that Laster was never under arrest or in custody, and that Laster had no expectation of privacy with respect to his end of the cell phone conversation.
Laster correctly argues that we must defer to the findings of the trial court as the trier of fact in regard to the credibility of witnesses. Laster also argues that the State did not meet its burden of proof because it failed to show the extent of the police contact, whether he was seized, and that the "contact and search was done Constitutionally." He also argues that there "is no indication where the cell conversation took place, where the officer was, how he happened to hear the conversation, whether the defendant was read his rights prior to making the phone call, whether the defendant was restrained of his liberty, etc."
Preliminarily we note that in this case there was no hearing and no witnesses testified. The matter was submitted on stipulations. Therefore, it would appear that the trial court's decision was not based upon any determination of the credibility of testimony, to which we would be required to give deference.
There is nothing in this record from which the trial court could have found that Laster was arrested, or even that he was the subject of custodial interrogation. Laster initiated the contact with the police officer by flagging him down in an effort to seek help.
Laster contends that the State has failed to meet the burden of proof that it has in a suppression hearing involving a warrantless seizure and search. While it is undoubtedly true that in the case of a seizure and search without a warrant the burden shifts to the State to prove that the seizure and search was reasonable, there is nothing in this record from which it can be found that any seizure and search took place. Laster initiated the contact, was never in custody, and was never interrogated. The police officer stated in his report that he overheard Laster's end of a cell phone conversation with his girlfriend in which Laster indicated he had been driving the car. There is nothing in this record from which it could be found that the police officer's overhearing of Laster's statements to his girlfriend were the result of a search or seizure.
Because we conclude that there is nothing in this record to support a finding that Laster's remarks to his girlfriend were overheard as a result of the violation of his Fourth, Fifth or Sixth Amendment rights, we agree with the State that the trial court erred in suppressing that evidence.
The State's sole Assignment of Error is sustained.
 III
The State's sole Assignment of Error having been sustained, the judgment of the trial court is Reversed, and this cause isRemanded for further proceedings consistent with this opinion.
BROGAN and YOUNG, JJ., concur.
Copies mailed to:
James B. Hochman
Cinnamon S. Houston
Arvin S. Miller
Hon. James Manning